UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREMAIN CARTER and ANNEMARIE LESPINASSE, individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>- against -<br><br>DSW SHOE WAREHOUSE, INC.,<br><br>          Defendant. | Case No.: 23-cv-4761<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiffs TREMAIN CARTER and ANNEMARIE LESPINASSE (the "Named Plaintiffs"), by their attorneys, Leeds Brown Law, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, to recover damages for delinquent wage payments made to workers who qualify as manual laborers and who were employed at any time by Defendant DSW SHOE WAREHOUSE, INC. ("Defendant") between October 30, 2015 and September 12, 2022 (the "Relevant Period") in the State of New York.

2. Upon information and belief, throughout the Relevant Period, Defendant has compensated all its employees on a bi-weekly (every other week) basis, regardless of whether said employees qualified as manual laborers under the NYLL.

3. Upon information and belief, Defendant has at no time during the Relevant Period been authorized by the New York State Department of Labor Commissioner to compensate its employees who qualify as manual laborers on a bi-weekly basis, in contravention of NYLL

Article 6 § 191, which requires that without explicit authorization from the Commissioner, such workers must be compensated not less frequently than on a weekly basis.

## JURISDICTION & VENUE

4. This Court has personal jurisdiction over Defendant because Defendant conducts business throughout the State of New York, including at its retail establishments located in this District.

5. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), under the provisions of the Class Action Fairness Act, which specifies that the federal courts maintain original jurisdiction in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a state different from any defendant, and the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. The Named Plaintiffs submit that all such conditions are satisfied such that this Court has original jurisdiction.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

7. Plaintiff TREMAIN CARTER is an individual who currently resides in the State of New York, and who was employed by Defendant at its Yonkers, New York location during the Relevant Period, specifically between May 2018 and September 2019.

8. Plaintiff ANNEMARIE LESPINASSE is an individual who currently resides in the State of New York, and who was employed by Defendant at its Carle Place, New York location during the Relevant Period, specifically between January 2015 and August 2016.

9. Both Plaintiff Carter and Plaintiff Lespinasse would typically perform physical tasks for more than of 25% of their respective workdays, as their responsibilities included, but were not limited to, stocking shelves, moving inventory, receiving, unpacking, organizing, storing, packaging, and labeling merchandise, and generally remaining on their feet for the entirety of their shifts.

10. Both Plaintiff Carter and Plaintiff Lespinasse were compensated every other week, rather than weekly, by Defendant throughout the entirety of their employment. Thus, for the first half of each bi-weekly pay period, they were injured in that they were temporarily deprived of money owed to them, and they could not save, invest, earn interest on, or otherwise use these monies that were rightfully theirs. Accordingly, every day that said money was not paid to them in a timely fashion, they lost the time value of that money.

11. Additionally, every time Plaintiff Carter and Plaintiff Lespinasse received late compensation for the work they performed, they were by definition being underpaid by Defendant. Every time that Defendant failed to pay them and other employees who worked in manual labor positions their wages earned within seven days of the end of their workweeks, Defendant deprived the employees of the use of money that belonged to them. As a result, Defendant's employees were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed and/or wanted to buy.

12. For example, owing to the delinquency of these payments, Plaintiff Carter and Plaintiff Lespinasse and putative class members were prevented from spending money earned on a bevy of everyday expenses and to provide for their basic needs, including but not limited to, purchasing food and groceries, making rent or mortgage payments, settling bills for utilities, medical supplies and services, insurance, automobile payments, and other basic living expenses.

13. By retaining these wages earned beyond the legally permitted timeframe set by NYLL § 191, Defendant benefitted from the time value of the money at issue, and the free use of such funds, at the expense of Plaintiff Carter and Plaintiff Lespinasse and putative class members. For example, during the time such monies were wrongfully being withheld, Defendant was free to utilize those funds to purchase goods and services, as well as save, invest, or earn interest on them.

14. Upon information and belief, Defendant DSW SHOE WAREHOUSE, INC. is a foreign business corporation organized and existing under the laws of the State of Missouri, with a principal place of business located at 810 DSW Drive, Columbus, Ohio 43219.

## **CLASS ALLEGATIONS**

15. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

16. This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendant in positions that required they perform physical tasks for more than 25% of their workdays.

17. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of hundreds, if not thousands, of employees. In addition, the names of all potential members of the putative class are not known.

18. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    a) whether Defendant compensated its employees on a bi-weekly basis;
    b) whether Defendant was lawfully permitted to compensate its employees on a bi-weekly basis; and,
    c) whether Defendant's conduct constitutes a violation of NYLL § 191.

19. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class members were all subject to Defendant's policies and willful practices of failing to compensate employees in compliance with applicable law.

20. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

21. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

23. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT:**
**FAILURE TO PAY TIMELY WAGES**

24. The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

25. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendant and protect the Named Plaintiffs and members of the putative class.

26. Defendant failed to pay the Named Plaintiffs and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

27. By the foregoing reasons, Defendant violated NYLL § 191(1)(a), and as such is liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
June 6, 2023

**LEEDS BROWN LAW, P.C.**

*/s/ Brett R. Cohen*

Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiffs & Putative Class*